Hill v. Hewett *et al.*

1. **Mortgage: RIGHT OF POSSESSION BEFORE AND AFTER FORECLOSURE.** While, upon condition broken, the mortgagee will be entitled to the possession of the mortgaged premises and to receive the rents arising therefrom, if it be so stipulated in the mortgage ; yet if the mortgage be foreclosed and sold, subject to redemption, for a sum sufficient to satisfy the mortgage debt, the right of further possession becomes thereby extinct in the mortgagee, and revests in the mortgagor or judgment debtor, where it remains during the period of redemption.

2. —— So if the condition be saved or restored by an extension of time of payment to the mortgagor, before foreclosure, the right of possession and to the rents following it will remain with him until further breach.

*Appeal from Scott District Court.*

TUESDAY, JANUARY 22.

ON the 16th day of May, 1872, the plaintiff filed his petition, claiming of the defendant, William H. Hewett, the sum of $251.25, being two installments of rent due April 1st and May 1st, 1872, and interest to date of suit, on a certain lease of date February 1, 1870, executed by plaintiff to Hewett & Kurse, and by them assigned to defendant Hewett, of certain premises, Nos. 1 and 3 East Second street, in Davenport, for the term of five years from March 1, 1870, at the yearly rent of $1,500, payable monthly in advance. The defendant Hewett filed his answer, admitting the execution and assignment of the lease, and that the rent was due as stated. He averred his readiness to pay, but that he had been forbidden to pay by J. H. Berryhill and J. M. Pinkerton, who claimed the same as mortgagees or owners. The defendant paid the amount into court and asked that said persons be made parties to contest their right with plaintiff.

Afterward, on July 5th, 1872, Langdon S. Ward, trustee, and John M. Pinkerton filed their petition in intervention and their answer to plaintiff's petition in which they set up their claim to said rent, both as assignees of J. H. Berryhill and as mortgagees of the premises under R. B. Hill, confirmed and assigned by the plaintiff. Said intervenors set out in full their claim of title and proceedings under which they claim.

The parties made an agreed statement of facts whereon the case was tried by the district court. The facts, stated as briefly as practicable, are these: Charles H. Berryhill was the owner of a mortgage, prior and paramount to all others, upon the premises, which contained a provision giving to the mortgagee the right to possession upon condition broken.

On the 13th day of March, 1865, R. B. Hill and wife executed to Henry Hill eight several mortgages upon as many lots, etc., constituting a block called Clinton Place, in Davenport, to secure the payment of the aggregate sum of $13,300. And on the same day the said R. B. Hill executed another mortgage to the said plaintiff, Henry Hill, upon the premises in controversy, as an additional security for the payment of the aggregate sum secured by the said eight mortgages, to the extent of $5,000, and conditioned that it should become void upon the payment of $5,000 as specified on said indebtedness; and in case of failure so to pay, the said mortgagee might take possession of the mortgaged property and rent the same, etc.

Afterward and while said indebtedness remained unpaid and before September 1, 1870, the said mortgagor, R. B. Hill, became a bankrupt, and by proper judicial proceedings was, upon the surrender of his property, discharged from liability for his debts; and his assignee in bankruptcy assigned all his interest in the mortgaged property to the plaintiff herein, Henry Hill.

On the 1st day of September, 1870, Henry Hill by an indenture between him and the intervenor herein, Langdon S. Ward, trustee, recited that the said Henry Hill had by contract in writing agreed to convey seven of the eight houses and lots included in the mortgages of Clinton Place, to John M. Pinkerton and to discharge the mortgages thereon, and had satisfied all except the $5,000 for which the mortgage upon the premises in controversy was given as additional security, to wit: two notes for $2,500 each, of date March 15, 1865, with interest paid to date (September 1, 1870), which notes had been indorsed by said Henry Hill to said Ward, trustee; and said indenture then proceeds to confirm said mortgage to said Ward, trustee, and confer upon him all the rights of the mortgagee therein, etc.

On the same day, to wit: September 1, 1870, another

agreement was duly executed between Langdon S. Ward, trustee, Henry Hill and R. B. Hill, in which, after referring to the previous mortgages and specifying the aggregate balance then due thereon at $12,652.20, proceeds as follows : " Now, in consideration of the conveyance in fee of the equity of redemption in said seven houses and land in said Clinton Place, to John M. Pinkerton, of Boston, I, the said Ward, do hereby agree with said Henry Hill to give up and surrender to him, as paid, notes which I hold against said Hill, amounting, with interest to this date, to $7,652.20 ; and the balance of my debt as trustee aforesaid, I hereby agree with said Hill, may remain subject to future payment. And the said Richard B. Hill hereby agrees with the said Ward that he will pay him said balance of $5,000, with interest from this date, September 1, 1870, as follows : $1,000 in each of the years 1872, '3, '4, '5 and '6 ; and it is hereby agreed and understood that the said additional mortgage of $5,000 is to remain and continue in force to secure the balance of debt aforesaid."

While Henry Hill was the owner of the property in controversy, subject to the mortgages aforesaid, and on February 1, 1870, he made the lease to Hewett, under which the rent in controversy accrued. He collected the rent until December 1, 1871, when said Berryhill, by consent of plaintiff Hill, but without attornment or contract by the tenant, collected the rent due prior to March 21, 1872, at which date he obtained a judgment of foreclosure of his mortgage, and the plaintiff notified the tenants to pay him no more rent.

After the judgment of foreclosure and before execution issued, this plaintiff filed with the clerk a written waiver of appraisement, and notice of his election to have the property sold subject to redemption. The execution was issued at once and the property was sold thereunder, subject to redemption, on the 25th day of April, 1872, to John M. Pinkerton for $9,500 ; a sum more than sufficient

to pay the judgment, interest and all costs, and a certificate of purchase accordingly was given him by the sheriff.

After the sale was so made, Berryhill assigned to said Pinkerton all his interest in said judgment and the mortgage thereby foreclosed, including his right to the possession of the mortgaged property, and a surrender of his possession, and also stated his request for the tenant to pay rent to Pinkerton, etc.; of this assignment and request the tenant was duly notified. But at no time have the tenants attorned to Pinkerton or paid him any rent. For the purposes of this case it is conceded that the plaintiff is insolvent.

Upon these facts the district court rendered a judgment that the intervenors were entitled to the rent which was in controversy and had been paid into court. The plaintiff appeals.

*Davison & True* for the appellant.

*Grant & Smith* for the appellees.

COLE, J. — I. We first notice the right of the intervenors under the assignment by Berryhill, the mortgagee in the paramount mortgage. The property mortgaged to him and now in controversy was sold, subject to redemption, in satisfaction of his mortgage. He had received the amount due him, through the sheriff, from the purchaser at the sale. This was a satisfaction of all his lien upon, claim to, or interest in the mortgaged property. The purchaser acquired the right to demand of and receive from the sheriff a deed to and the possession of the property, at the expiration of one year from the date of his purchase, unless in the meantime the debtor, mortgagor or some creditor of his should, pursuant to statute, redeem the property by paying the amount bid with ten per cent thereon, etc. This is just the measure of the right he acquired by the purchase. As to the defendant in the foreclosure

judgment, the statute also expressly declares that from the day of sale until the expiration of the year he is "entitled to the possession of the property" (Rev., § 3332. See, also, §§ 3364 and 3371). Berryhill, the mortgagee, then had no right to receive the rent, for his debt was fully paid. He could not, therefore, transfer any right by his assignment. Pinkerton, the purchaser, had no right to the rent, because the judgment defendant is by statute entitled to the possession, which draws to it the rent.

II. We next inquire as to the right of the intervenors by virtue of the mortgage originally made by Richard B. Hill to Henry Hill, and by him assigned and confirmed to the intervenor, Langdon S. Ward, trustee. This mortgage confers upon the mortgagee the right to take possession upon condition broken. If this event has happened, the right to the rent, which is incident to possession, is clearly with the intervenor. Whether the condition of the mortgage is broken, depends upon the legal effect, or proper construction of the language of the agreement, made September 1, 1870, between said Ward, trustee, Henry Hill and Richard B. Hill. If, by that agreement, the time for the payment of the two notes for twenty-five hundred dollars each, of date March 15, 1865, made by Richard B. Hill to Henry Hill, and by him indorsed to Ward, trustee, was extended till 1872, etc., then the condition of the mortgage is not broken, and the intervenors are not entitled to the possession or rent. If the time for payment was not extended, then the condition is broken, and the intervenors are thus entitled.

The material words of that agreement are as follows: "And the balance of my debt, as trustee aforesaid, I hereby agree with said Hill, *may remain subject to future payments.* And the said Richard B. Hill hereby agrees with the said Ward that he will pay him said balance of five thousand dollars with interest from this date, September 1, 1870, as follows: One thousand dollars in each of the

Hill v. Hewett.

years 1872, '3, '4, '5 and '6." It seems to us, upon a fair reading of this agreement, that it conveys the idea of giving further time for the payment of the notes then past due; that this is its plain and ordinary meaning: A close analysis of the language used, as well as a review of the situation and relation of the parties, would lead to the same conclusion. It is an *agreement* — "I hereby agree," and not a mere gratuity, or intimation of a purpose to indulge the debtor, simply. He agrees that the notes "may *remain* subject to *future* payments." How might they remain, if payment can be demanded and enforced at once? How could they be subject to future payment, if Ward might demand and enforce payment *now?* What future payment was intended, unless it was that immediately thereafter specified in the agreement itself? These questions awake unmistakable responses confirming our construction as above.

Again, R. B. Hill was the maker of the notes, and the principal debtor. Henry Hill was only an indorser, though his liability was fixed and acknowledged. The agreement accepts the promise of the principal debtor for future payment in fixed installments, and this is inconsistent with the claim of a right to enforce immediate payment from the indorser. R. B. Hill had, as a bankrupt, been discharged from liability to pay the debt; an extension of time would constitute a valid consideration for his new promise to pay. We are very clear and entirely agreed in our opinion, that the judgment of the district court was erroneous and must be

Reversed.